Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

07 CV 3992

JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o
ANDREAS ECONOMOU UNIFRUTI OF
AMERICA, INC.

           2007 Civ.

        Plaintiff,

    - against -               **COMPLAINT**

MV AVILA STAR her engines, boilers, tackle,
furniture, apparel, etc., *in rem*; CSAV Sud
Americana de Vapores S.A., and American
Transportation Group, *in personam*,

        Defendants.
-----------------------------------------------------------X

    Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o ANDREAS ECONOMOU UNIFRUTI OF AMERICA, INC., (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the MV AVILA STAR her engines, boilers, tackle, furniture, apparel, etc., *in rem* and Compania Sud Americana de Vapores S.A., American Transportation Group, *in personam* alleges upon information and belief as follows:

**PARTIES**

    1.    At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of a consignment of 1920 cases of fresh grapes laden on board the vessel M/V AVILA STAR, as more specifically described below.

2. Upon information and belief, defendant, CSAV Sud Americana De Vapores S.A. (hereinafter "CSAV"), was and is a foreign corporation with an office and place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830, and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V AVILA STAR, and as a common carrier of goods by water.

3   Upon information and belief, at all times hereinafter mentioned, Defendant, American Transportation Group (hereinafter "ATG"), was and still is a business entity duly organized and existing under the laws of a foreign country, with an office at 99 Wood Avenue South, Iselin, New Jersey  08830, and who was at all times acting as the owner, operator and/or manager of the M/V AVILA STAR, and as a common carrier of goods by water and/or the agent of CSAV.

4. Upon information and belief, at all times hereinafter mentioned, defendant M/V AVILA STAR (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation for hire and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

## JURISDICTION

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

6. On or about February 9, 2006, a consignment, in containers numbered CRLU1160278, GCEU7972633, CRLU1140543 consisting of a shipment of fruit then being in

good order and condition, were delivered to the *in personum* defendants and/or their agents in Valparaiso, Chile for transportation to Philadelphia, PA in consideration of an agreed upon freight, pursuant to CSAV bills of lading numbered CSVVCFE068244, CSVVCFE068248 and CSVVCFE068246

7. Thereafter, the cargo having been loaded aboard the *in rem* defendant, M/V AVILA STAR, the vessel sailed from the port of Valparaiso, Chile and discharged the cargo in Philadelphia.

8. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendant, but instead, had sustained damages during transit due to improper stowage and temperature handling.

9. As a result of the damages sustained to the grapes, plaintiff has sustained damages in the form of lost sales and additional costs associated with the mitigation of their loss.

10. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

11. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

12. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

13. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $16,000.00.

14. Plaintiff has a maritime lien against the MV AVILA STAR for the damages referred to herein and will enforce that lien in these proceedings.

15. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. *In rem* service of process be issued against the MV AVILA STAR, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The MV AVILA STAR, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

3. The Court order, adjudge and decree that defendants, CSAV Sud Americana de Vapores S.A. and American Transportation Group be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 21, 2007
       260-47

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiff

                        By: *[signature]*
                        Gregory G. Barnett (GGB-3751)
                        317 Madison Avenue, 21st Floor
                        New York, New York 10017
                        (212) 286-0225